# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BLANCA LUZ ESPINOZA <br> 5411 Sheffield Court <br> Apt. 51 <br> Alexandria, Virginia 22311 <br><br> Plaintiff, <br><br> v. <br><br> AL JAZEERA RESTAURANT, INC. <br> 3813D S. George Mason Drive <br> Falls Church, Virginia 22041 <br><br> Serve: Registered Agent <br> Slaiman Almassri <br> 3813D S. George Mason Dr. <br> Falls Church, Virginia 22041 <br><br> SLAIMAN ALMASSRI <br> 3813D S. George Mason Drive <br> Falls Church, Virginia 22041 <br><br> and <br><br> SOSENA ALMASSRI <br> 3813D S. George Mason Drive <br> Falls Church, Virginia 22041 <br><br> Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Blanca Luz Espinoza ("Plaintiff"), by and through her attorneys, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby files her Complaint against Al Jazeera Restaurant, Inc., Slaiman Almassri, and Sosena Almassri (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA")., the Virginia

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5337525_1

Minimum Wage Act ("VMWA") VA Code Ann. §40.1-28.8, *et seq.*, and for breach of contract, stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as a cook/food preparer. Plaintiff was paid at the same weekly rate regardless of the hours worked. Plaintiff worked for several weeks without compensation from Defendants. Defendants have willfully violated the clear and well-established minimum wage provision of the VMWA, the overtime and minimum wage provisions of the FLSA, and breached their contract with Plaintiff. Plaintiff seeks compensatory and statutory damages for all unpaid overtime and minimum wage compensation, as well as attorneys' fees and costs. .

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

1. Plaintiff is an adult resident of Virginia.

2. Defendant Al Jazeera Restaurant, Inc. ("Al Jazeera") is a Virginia corporation.

3. Defendants Slaiman Almassri and Sosena Almassri (the "Individual Defendants") are the owners of Al Jazeera.

4. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5337525_1

5. Each Defendant is an "employer" within the meaning of the FLSA and the VMWA.

6. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

7. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

8. The Individual Defendants controlled the day to day operations of Al Jazeera.

9. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiff.

10. The Individual Defendants supervised Plaintiff directly or indirectly.

11. The Individual Defendants directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

12. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

13. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

14. The Individual Defendants would be considered employers for purposes of individual liability because of their intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5337525_1

## FACTS

15. Plaintiff was employed by Defendants as a cook/food preparer from August 1, 2005 through August 24, 2015 (the "Employment Period").

16. Plaintiff was paid at a weekly rate of $500.00 regardless of the hours worked, which translates to a regular hourly rate of $9.26.

17. Plaintiff worked approximately fifty-four hours per week and was never compensated at the required overtime rate, of one and one half times her regular hourly rate, for those hours worked over forty hours.

18. Plaintiff worked for approximately six weeks without receiving any compensation from Defendants.

19. Plaintiff is owed approximately $9,723.00 in unpaid overtime wages, and $2,900.00 in unpaid straight time wages or alternatively $2,349.00 in unpaid minimum wages.

20. Plaintiff is owed overtime, minimum and straight time wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Virginia and federal law.

21. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* 29 U.S.C. §211(c).

22. The precise number of hours worked, and wages owed, should be revealed through discovery.

23. Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

5337525_1

## COUNT I
## (FLSA)

24. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

25. At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

26. Defendants were engaged in "interstate commerce" within the meaning of the FLSA.

27. Plaintiff was an "employee" within the meaning of the FLSA.

28. Defendants were required to pay Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

29. Defendants were required to pay Plaintiff at or above a minimum wage of $7.25 per hour. *See* 29 U.S.C. §206(a)(1)(c).

30. Throughout the Employment Period, Defendants failed to compensate Plaintiff at or above the required minimum wage.

31. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

32. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

33. Defendants' violation makes them liable to Plaintiff for all unpaid minimum wages and overtime compensation, and an additional amount as liquidated damages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in her favor in an amount to be determined at trial, but not less than $23,623.92, which is two times the total minimum wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Virginia Minimum Wage Act)

34. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

35. Defendants were required to pay Plaintiff at or above the required minimum wage, as prescribed by the Fair Labor Standards Act, currently $7.25 per hour. *See* VA Code Ann. §40.1-28.10.

36. Defendants failed to pay Plaintiff at or above the minimum wage throughout her employment.

37. Unpaid minimum wages are due and owing to Plaintiff by Defendants.

38. Defendants' failure and refusal to comply with their obligations under the VMWA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $2,349.00 and to grant to Plaintiff her reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT III
### (Breach of Contract)

39. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

40. Plaintiff and Defendants agreed to a weekly rate of $500.00 for Plaintiff.

41. Plaintiff worked approximately six weeks without receiving any compensation from Defendants.

42. Defendants violated their contract with Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $2,900.00 and to grant to Plaintiff, such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Eduardo S. Garcia*
Eduardo S. Garcia (90738)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8326 – fax
egarcia@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

5337525_1